O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KRISTA DANDRIDGE-BARNETT | ) | Case No. EDCV 14-2254-JLS (KK) |
| Plaintiff, | ) | |
| v. | ) | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| BARNES AND NOBLE, | ) | |
| Defendant. | ) | |

**I.**

**INTRODUCTION**

On November 3, 2014, plaintiff Krista Dandridge-Barnett, who is at liberty, filed a Complaint alleging multiple civil rights claims against defendant Barnes and Noble. However, the Court finds plaintiff's allegations fail to state a claim and thus that dismissal under Federal Rule of Civil Procedure 12(b)(6) is warranted. However, the Court will provide Plaintiff an opportunity to cure the deficiencies discussed herein.

1

**Accordingly, the Complaint is dismissed with leave to amend. If plaintiff desires to pursue this action, she is ORDERED to file a First Amended Complaint remedying the deficiencies discussed below within 28 days of the service date of this Order.**

## II.

### FACTUAL ALLEGATIONS IN THE COMPLAINT

Plaintiff's claims arise out of an incident that occurred at Barnes and Noble (the "Store") in Temecula, California on February 13, 2014. <u>See</u> Compl. at 10. Plaintiff purchased a bag of chips and sat down in the café area. <u>Id.</u> She then went to the restroom and walked outside of the Store in order to catch a bus. <u>Id.</u> As Plaintiff walked out into the parking lot, she was approached by Assistant Manager Corey ("Corey") and Store Manager Nathan ("Nathan"). According to the Complaint, Corey and Nathan accused Plaintiff of "not purchasing anything from the store whilst also stating that since [Plaintiff] carried [her] bags in the store without them believing that [Plaintiff] had purchased anything at the time, and [Plaintiff's] proceeding to use the restroom . . . they believed they had a right to tailgate." <u>Id.</u> at 10-11. Plaintiff alleges she was "singled out, humiliated, embarrassed, etc. by Barnes and Noble." <u>Id.</u> at 11.

Plaintiff further alleges Corey and Nathan later apologized to her for falsely accusing her of shoplifting and the Store offered "remedy" in the form of a gift card. <u>Id.</u> at 11-12. Plaintiff states she had further communications with Store employees in an attempt to reach a "fair and equitable financial

resolution," but that such efforts ultimately failed. <u>Id.</u> at 11-14.

While not entirely clear, Plaintiff appears to assert claims under 42 U.S.C. sections 1981, 1983, 1985(3), and 1986.

## III.

### STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief can be granted. The Ninth Circuit has held "[a] trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)" and has also stated "[s]uch a dismissal may be made without notice where the claimant cannot possibly win relief." <u>Omar v. Sea-Land Service, Inc.</u>, 813 F.2d 986, 991 (9th Cir. 1987) (citing <u>Wong v. Bell</u>, 642 F.2d 359, 361-62 (9th Cir. 1981)).

In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. <u>Hamilton v. Brown</u>, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Cook v. Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is

facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Especially in civil rights cases, a *pro se* plaintiff's pleadings are liberally construed to afford the plaintiff "the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*)) (internal quotation marks omitted). If, however, a court finds that a *pro se* complaint has failed to state a claim, dismissal may be with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). *Pro se* plaintiffs should be permitted leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured. Cafasso v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) ("Normally, when a viable case may be pled, a district court should freely grant leave to amend.").

**IV.**

**DISCUSSION**

**A. PLAINTIFF'S SECTION 1981 CLAIM AGAINST BARNES AND NOBLE MUST BE DISMISSED.**

Plaintiff has alleged a claim against Barnes and Noble for a violation of 42 U.S.C. section 1981 ("Section 1981"). Section 1981 prohibits discrimination in the making and enforcement of

4

contracts by reason of race, national origin, or ancestry. See 42 U.S.C. § 1981. In order to establish a claim under Section 1981, a plaintiff must allege facts in support of the following elements: (1) Plaintiff is a member of a protected class; (2) Plaintiff attempted to contract for certain services; and (3) Plaintiff was denied the rights to contract for those services. See, e.g., Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138, 1145 (9th Cir. 2006). Moreover, to withstand dismissal for failure to state a claim, a plaintiff alleging a Section 1981 claim must allege overt acts coupled with some direct evidence that the defendants' conduct was motivated by animus against the protected class. See Evans v. McKay, 869 F.2d 1341, 1345 (9th Cir. 1989).

Here, the allegations of the FAC are insufficient to satisfy plaintiff's pleading burden with respect to any of the foregoing elements. Thus, Plaintiff's Section 1981 claim must be dismissed.

**B.    PLAINTIFF'S SECTION 1983 CLAIM AGAINST A PRIVATE ENTITY MUST BE DISMISSED.**

Plaintiff has alleged a claim against the Store for a violation of 42 U.S.C. section 1983 ("Section 1983"). In order to state a claim for a civil rights violation under Section 1983, a plaintiff must allege that a particular defendant, acting *under color of state law*, deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Thus, private parties cannot generally be

5

held liable under Section 1983.  <u>See</u> <u>Monroe v. Pape</u>, 365 U.S. 167, 172, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961), <u>overruled in part by</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Rather, Section 1983 liability attaches only to individuals "who carry a badge of authority of a State and represent it in some capacity."  <u>Id.</u>

Here, Plaintiff attempts to sue a private entity, the Store, under Section 1983, but cannot establish Barnes and Noble was carrying "a badge of authority of a State" or that it "represents [the State] in some capacity."  <u>Id.</u>  Thus, Plaintiff's Section 1983 claim must be dismissed.

**C.    PLAINTIFF'S SECTION 1985(3) AND 1986 CLAIMS MUST BE DISMISSED.**

Finally, Plaintiff has alleged claims against the Store for violations of 42 U.S.C. sections 1985(3) and 1986 (respectively "Section 1985(3)" and "Section 1986").

A complaint alleging a violation of Section 1985(3) must allege defendants did "(1) 'conspire or go in disguise on the highway or on the premises of another' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . .'"  <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971).  The complaint must also allege one or more of the conspirators did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was "injured in his person or property" or "deprived of having and exercising

any right or privilege of a citizen of the United States." <u>Id.</u> at 103. Section 1985(3) further requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." <u>Id.</u> at 102.

Here, Plaintiff fails to adequately allege a claim under Section 1985(3) because she has failed to plead facts sufficient to establish any of the elements of her claim. Plaintiff merely provides conclusory statements and restates the elements of a Section 1985(3) claim without alleging specific facts in support of each element. In turn, because plaintiff fails to state a claim under Section 1985(3), Plaintiff also fails to state a claim under Section 1986. <u>See</u> <u>Trerice v. Pedersen</u>, 769 F.2d 1398, 1403 (9th Cir. 1985) ("[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985.").

Accordingly, Plaintiff's "conspiracy" claims – whether arising under Section 1985 or 1986 – must be dismissed.

******************

If plaintiff desires to pursue her claims, she is ORDERED to file a First Amended Complaint ("FAC") within 28 days of the service date of this Order, remedying the deficiencies discussed above. The FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document.

///

7

1 **Plaintiff is admonished that if she fails to timely file a sufficient FAC, the Court will recommend this action be dismissed with prejudice on the grounds set forth above and/or for failure to diligently prosecute.**

DATED: November 5, 2014

_____
HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE