# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KRISTA DANDRIDGE-BARNETT | ) | Case No. EDCV 14-2254-JLS (KK) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DISMISSING PLAINTIFF'S |
| | ) | FIRST AMENDED COMPLAINT WITH |
| | ) | LEAVE TO AMEND |
| BARNES AND NOBLE,INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

On November 3, 2014, Plaintiff Krista Dandridge-Barnett, who is at liberty and proceeding pro se, filed a Complaint alleging multiple civil rights claims against defendant Barnes and Noble, Inc. On November 5, 2014, the Court dismissed the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). However, the Court ordered the dismissal to be with leave to amend, thus, providing Plaintiff an opportunity to cure the deficiencies discussed in its order.

On November 12, 2014, Plaintiff filed a First Amended Complaint("FAC") in which she largely recites the allegations

1

contained in the original Complaint, but presents new allegations including her race and national origin.  See FAC at 4.  While the Court, construing Plaintiff's pro se FAC liberally, will permit it to move forward on most of the claims at this stage, the Court must -- once again -- dismiss Plaintiff's Section 1983 claim against sole defendant Barnes and Noble, Inc..

As discussed in this Court's November 5, 2014 Order, in order to state a claim for a civil rights violation under 42 U.S.C. Section 1983, a plaintiff must allege a particular defendant, acting *under color of state law*, deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  Thus, private parties cannot generally be held liable under Section 1983.  See Monroe v. Pape, 365 U.S. 167, 172, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961), overruled in part by Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Here, Plaintiff reasserts her attempt to sue a private entity, Barnes and Noble, Inc. under Section 1983, but cannot establish Barnes and Noble, Inc. was carrying "a badge of authority of a State" or that it "represents [the State] in some capacity."  Id.  Plaintiff's citation of a vacated, Eleventh Circuit decision involving a private medical service provider which had contracted with the Georgia Department of Corrections to provide medical services to state inmates is simply not on point.  As Plaintiff concedes "Barnes and Noble, inc. from my

2

knowledge is not contracted with the state of California." FAC at 16. Thus, Plaintiff's Section 1983 claim must be dismissed.

*****

Plaintiff may respond to this Order in one of three ways. First, Plaintiff may inform the Court within 21 days of the date of this Order that she will dismiss her Section 1983 claim against Barnes and Noble, Inc..

Second, Plaintiff may file a Second Amended Complaint within 21 days of the date of this Order. The Second Amended Complaint shall bear the designation "Second Amended Complaint" and the case number assigned to this case ("EDCV 14-02254-JLS-KK"). The Second Amended Complaint must cure the defects described in this Order. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the instant Complaint. If Plaintiff files a Second Complaint, the instant FAC will be treated as non-existent. Therefore, the Second Amended Complaint shall not refer in any manner to the instant FAC. The Second Amended Complaint must be complete in itself and not require any prior knowledge of Plaintiff's case.

Third, Plaintiff may, within 30 days of the date of this Order, request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal Form is attached for Petitioner's convenience.

The Court warns Petitioner that failure to timely file a response to this Order may result in a recommendation that this

3

action be dismissed with prejudice for failure to prosecute or failure to obey Court orders.

DATED: November 13, 2014

HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

4