# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA DANDRIDGE-BARNETT,<br><br>   Plaintiff,<br><br>   v.<br><br>BARNES AND NOBLE, INC.,<br><br>   Defendant. | Case No. EDCV 14-2254-JLS (KK)<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

On November 3, 2014, Plaintiff Krista Dandridge-Barnett filed a Complaint alleging multiple civil rights claims against Defendant Barnes and Noble, Inc. Plaintiff alleges Defendant violated her rights when two of the company's retail employees accused her of using a Barnes and Noble store's restroom without purchasing anything.

On November 5, 2014, the Court dismissed the Complaint, with leave to amend, for failing to state a claim. On November 12, 2014, Plaintiff filed a First Amended Complaint ("FAC"). On November 13, 2014, the Court issued an order dismissing the FAC with leave to amend, but offering Plaintiff the option to proceed with the FAC if she dismissed her claim under 42 U.S.C. § 1983 ("section 1983"). ECF No. 5 at 2-3. On November 19, 2014, Plaintiff filed a notice dismissing her section 1983 claim.

On December 23, 2014, Defendant filed a Motion to Dismiss the FAC for failure to state a claim ("Motion").  On December 29, 2014, Plaintiff filed an Opposition to the Motion ("Opposition").  On January 13, 2015, Defendant filed a Reply.[1]  On January 15, 2015, Plaintiff filed a Reply to Defendant's Reply.  The Court hereby grants the Motion and dismisses the FAC with leave to amend.[2]

# I.

# **ALLEGATIONS OF THE FAC**

Plaintiff, a black woman, states that on February 13, 2014, the date of the alleged incident, she "was not wearing clothes that would have an appearance of wealth."  ECF No. 7 at 4.  Plaintiff alleges she purchased a bag of potato chips at a Barnes and Noble store in Temecula, California.  Id. at 5, 7.  Afterward, Plaintiff alleges she used the store's restroom, then walked out of the store toward her bus stop.  Id. at 5.  Plaintiff alleges two store managers, Mr. Corey and Mr. Nathan,[3] "tailgated" her "out of the store" into the parking lot, and accused her of using the store's restroom without purchasing anything.  Id.  Plaintiff alleges she showed Corey and Nathan her receipt for the potato chips, at which point Corey and Nathan apologized for their incorrect accusation.  Id. at 6.  Plaintiff alleges she was "singled out, humiliated, [and] embarrassed."  Id.  Plaintiff alleges she called the police and filed a report.  Id.

Plaintiff alleges that on February 14, 2014, and February 19, 2014, she spoke to

---

[1] In the Reply, Defendant asks the Court to instruct Plaintiff not to discuss "settlement communications" in her filings to the Court.  ECF No. 13 at 2-3.  Plaintiff is so instructed.  Plaintiff's future filings in this Court may not discuss settlement offers or other settlement communications.  See Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.3 (9th Cir. 2002).

[2] Magistrate judges may dismiss a complaint with leave to amend without review by the district judge.  See McKeever v. Block, 932 F.2d 795, 797-98 (9th Cir. 1991).

[3] The FAC does not state Corey's or Nathan's first name.

Corey's and Nathan's supervisor, Michael Putnam, who apologized for their behavior and agreed "to financially remedy the situation." Id.  Plaintiff alleges that on February 21, 2014, Putnam offered Plaintiff a gift card, which Plaintiff declined as "an insult to the violation of my rights, the level of stress and humiliation that I encountered." Id. Plaintiff alleges Putnam told her "it was proper for Mr. Corey and Mr. Nathan to put me through what they put me through." Id. at 7.  Plaintiff states she had further communications with Defendant's representatives to resolve the situation, but those communications ultimately failed.  Id. at 8-9.

    Plaintiff sues Barnes and Noble under 42 U.S.C. §§ 1981, 1985(3), and 1986; the California Declaration of Rights, Article I, § 1; and California Civil Code 51, also known as the Unruh Civil Rights Act.[4]  Id. at 4.

## II.
## STANDARD OF REVIEW

    A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted).  In considering whether a complaint states a claim, "a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011) (citation and internal quotation marks omitted).  However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or

---

[4] As already stated, Plaintiff voluntarily dismissed her claim under section 1983.  This Order addresses only Plaintiff's federal claims.  See Lacey v. Maricopa Cnty., 649 F.3d 1118, 1137 (9th Cir. 2011) ("Where a district court dismisses every claim over which it had original jurisdiction, it retains pure discretion in deciding whether to exercise supplemental jurisdiction over the remaining claims.") (citation, internal quotation marks, and alterations omitted).

unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Lacey v. Maricopa Cnty., 693 F.3d 896, 911 (9th Cir. 2012) (citations and internal quotation marks omitted). "[F]actual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr, 652 F.3d at 1216. A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

## III.
## DISCUSSION

**A.     Plaintiff's Section 1981 Claim Must Be Dismissed.**

Plaintiff alleges Defendant violated 42 U.S.C. § 1981, which "protects the equal right of all persons within the jurisdiction of the United States to make and enforce

4

contracts without respect to race." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474, 126 S. Ct. 1246 (2006) (citation and internal quotation marks omitted). To state a *prima facie* case of discrimination under section 1981, Plaintiff must "show that: (1) [she] is a member of a protected class, (2) [she] attempted to contract for certain services, and (3) [she] was denied the right to contract for those services." Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138, 1145 (9th Cir. 2005) (citations omitted).

The FAC's factual allegations do not "plausibly suggest" Defendant violated section 1981. Starr, 652 F.3d at 1216. The allegations do not show Plaintiff ever "attempted to contract for certain services" with Corey and Nathan, much less that they denied her "the right to contract for those services." Lindsey, 447 F.3d at 1145. Thus, Plaintiff has failed to state a claim under section 1981, and the claim must be dismissed.

**B.     Plaintiff's Section 1985(3) and Section 1986 Claims Must Be Dismissed.**

Plaintiff alleges Defendant violated 42 U.S.C. § 1985(3), which "prohibits conspiracies for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (citation and internal quotation marks omitted). Section 1985(3) protects "the rights of African Americans" and other "protected class[es]." Id. However, "actions generally resting on economic motivations should be deemed beyond the reach of § 1985(3)." Id. (citation and internal quotation marks omitted). The "elements of a § 1985(3) action" include both "a conspiracy and an act in furtherance of that conspiracy." Id. (citation omitted).

Plaintiff also alleges Defendant violated 42 U.S.C. § 1986, which "creates a right to recover damages . . . against every person who has knowledge of, and power to prevent, a § 1985 conspiracy, but neglects or refuses to act." Burnett v. Grattan, 468 U.S. 42, 44 n.5, 104 S. Ct. 2924 (1984). "A cause of action is not provided under [section 1986] absent a valid claim for relief under section 1985." Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985) (citation omitted).

The FAC's factual allegations do not "plausibly suggest" Defendant violated section 1985(3). <u>Starr</u>, 652 F.3d at 1216. The allegations show Corey and Nathan thought Plaintiff did not purchase anything before using the store's restroom, and that they apologized when Plaintiff showed them they were mistaken. The allegations do not plausibly suggest Corey and Nathan conspired to harass Plaintiff, let alone that they conspired for the purpose of depriving Plaintiff "of the equal protection of the laws." <u>Holgate</u>, 425 F.3d at 676. Plaintiff may have felt insulted by Corey and Nathan's behavior, but that does not mean she has a legally actionable claim. Because Plaintiff fails to state a claim under section 1985(3), she also fails to state a claim under section 1986. <u>Trerice</u>, 769 F.2d at 1403. Accordingly, Plaintiff's claims under section 1985 and section 1986 are dismissed.

## IV.
## **CONCLUSION**

If Plaintiff desires to pursue her claims, she is **ORDERED** to file a Second Amended Complaint ("SAC") within **14 days** of the date of this Order. The SAC shall bear the designation "Second Amended Complaint" and the docket number assigned to this case. The SAC must cure the defects described in this Order. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC. If Plaintiff files a SAC, the Original Complaint and FAC will be treated as non-existent. Therefore, the SAC shall not refer in any manner to either the Original Complaint or the FAC. The SAC must be complete in itself and not require any prior knowledge of Plaintiff's case. **Plaintiff is cautioned that failure to timely file a SAC that corrects the deficiencies described in this Order will result in a recommendation that this action be dismissed with prejudice.**

///
///
///

Alternatively, Plaintiff may, within **14 days** of the date of this Order, request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal Form is attached for Plaintiff's convenience.**

IT IS SO ORDERED.

DATED: January 16, 2015

*/s/ Kenly Kiya Kato*
HON. KENLY KIYA KATO
United States Magistrate Judge